[Civ. No. 1443. Fifth Dist. Apr. 6, 1971.]

CREDITORS BUREAU, Plaintiff and Respondent, v.
PEDRO De La TORRE, Defendant and Appellant.

## COUNSEL

Dunn & Henderson and Earl J. Dunn for Defendant and Appellant.

Nathan Guthertz for Plaintiff and Respondent.

**OPINION**

**STONE, P. J.**—The case is before this court pursuant to an order granting transfer following certification by the Appellate Department of the Superior Court of Tulare County that such transfer appears necessary to settle a novel question of law involving an interpretation of Civil Code section 2983.2 (Automobile Sales Finance Act). The facts are not in dispute, and may be summarized as follows:

Appellant-buyer purchased a Rambler station wagon May 1, 1968, from seller, Visalia Dodge, Inc., under the terms of a conditional sale contract, for $799. The seller assigned the conditional sale contract, with recourse, to Security First National Bank (now Security Pacific National Bank), referred to herein as "holder." The vehicle was registered with the Department of Motor Vehicles, showing the bank as legal owner.

By September 3, 1968, buyer was in default in his payments to the holder, and voluntarily relinquished possession of the automobile to it. The holder treated the relinquishment as a repossession and, by letter dated September 3, 1968, notified buyer that it had repossessed the automobile and that buyer could redeem it by paying to the bank $728.82, less certain rebate credits. It is conceded that the notice complied in all respects with Civil Code section 2983.2, in that it specified a 10-day period during which buyer could redeem, specified the amount necessary to redeem, to whom payment should be made and where. The notice also specified that if the vehicle was not redeemed, it would be sold pursuant to the terms of the conditional sale contract.

Buyer did not redeem, and on September 30 seller paid the holder $589.44 pursuant to its guarantee. The holder reassigned the conditional sale contract to seller-dealer on October 1. Without giving additional notice to the buyer, the car was sold at private sale by the dealer, on bid, for $199. The proceeds from this sale are the basis for the deficiency judgment from which buyer appeals.

The case hinges upon an interpretation of Civil Code section 2983.2, which is part of the Automobile Sales Finance Act, chapter 2b of title 14 of the Civil Code. This section 2983.2[1] contains the only provision in the

---

[1]Civil Code section 2983.2 reads: "Any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, at least 10 days' written notice of intent to sell a repossessed motor vehicle must be given to all persons liable on the contract. The notice shall be personally served or shall be sent by certified mail, *return* receipt requested, directed to the address of the persons shown on the contract, unless such persons have notified the holder in writing of a different address.

act pertaining to the repossession and sale of a vehicle under a conditional sale contract.

Pursuant to section 2983.2, the bank, as holder, gave appellant-buyer notice of intent to sell if the car was not redeemed. Appellant contends that the subsequent sale by the seller, made after reassignment of the contract, failed to comply with the code section. He makes the alternative argument that if there was a sale in this case, it was from the holder to the seller upon payment of the guarantee of $589.44, and if he, as buyer, is liable for a deficiency, it should be predicated upon a $589.44 purchase price rather than the $199 obtained by seller by bid at private sale.

■ Taking up, first, the question whether payment of a guarantee by seller to holder and reassignment of the contract to seller constituted a sale, we deem the theory untenable in that none of the elements of a sale is present. In such a transaction, the seller is simply making good on his guarantee to the holder that the buyer will make the payments as he agreed. When the buyer defaults, the guarantor is called upon to make good on the guarantee; thus there is no sale, but a repayment of funds advanced on the strength of a contract. We conclude that reassignment of the contract to the seller did not constitute a sale in the sense the term is used in Civil Code section 2983.2.

■ Turning to the subsequent sale by seller, we note at the outset that the notice provisions of the Unruh Act governing credit sales generally

The notice shall set forth that there is a right to redeem the motor vehicle and the total amount required as of the date of the notice to redeem; may inform such persons of their privilege of reinstatement of the contract, if the holder extends such privilege; shall give notice of the holder's intent to resell the motor vehicle at the expiration of 10 days from the date of giving or mailing the notice, or if given by mail and either the place of deposit in the mail or the place of address is outside of this state, the period of notice shall be 20 days instead of 10 days; shall disclose the place at which the motor vehicle will be returned to the buyer upon redemption or reinstatement; and shall designate the name and address of the person to whom payment shall be made. During the period provided under said notice, the person or persons liable on the contract may pay in full the indebtedness evidenced by the contract. Such persons shall be liable for any deficiency after sale of the repossessed motor vehicle only if the notice prescribed by this section is given within 60 days of repossession and includes the following:

"1. A notice, in at least eight-point bold type if the notice is printed, reading as follows: 'Notice: You are subject to suit and liability if the amount obtained upon sale of the vehicle is insufficient to pay the contract balance and any other amounts due.'

"2. An itemization of the contract balance and of any delinquency, collection or repossession costs and fees. In addition, the notice shall either set forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice or shall state that such a credit may be available against the amount due."

(Civ. Code, § 1801 et seq.) and of the Commercial Code to which reference is made by counsel, are not applicable. Civil Code section 1802.1 specifically exempts from the Unruh Act any vehicle required to be registered under the Vehicle Code. The Automobile Sales Finance Act, chapter 2b, part 4, of the Civil Code, is a special statute and, as such, prevails over the general provisions of the Commercial Code. (See *People* v. *Gilbert,* 1 Cal. 3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580].) ■ The question narrows to whether Civil Code section 2983.2 was complied with under the facts of this case, and that determination must rest upon the language of the section.

The bank gave the buyer notice that complied with the requirements of Civil Code section 2983.2. Appellant complains that the notice did not advise him, as buyer, of the time and place of sale in the event he failed to redeem within the 10 days allowed. But the section does not require notice of time and place of sale; it requires notice of *intent* to sell if the repossessed motor vehicle is not redeemed. Appellant elected not to redeem, and let the time to act expire. The notice specified that if buyer did not redeem, the sale would be made pursuant to the conditional sale contract. The bank reassigned the contract to the seller, who sold the car.

Appellant does not contend that the reassignment was invalid or did not serve to assign to seller all rights of the holder in the contract under the well settled law of assignment. His chief complaint seems to be that he was not given notice of the time and place of sale. If the purpose of section 2983.2 is to give the buyer complete protection, perhaps it should be amended to require notice of the time and place of sale in addition to the notice requirements now specified. It well may be that the section also should be amended to provide specifically that the person giving notice of sale must conduct the sale. These are implied restrictions appellant reads into the section as it now stands, and asks the court to so construe it. But these are matters for the Legislature to consider; our province is to interpret the statute in its present form. As we read Civil Code section 2983.2, the notice served upon appellant included everything required by the statute.

Moreover, appellant does not allege that he wished to attend the sale, let alone bid on the car; nor does he allege that he inquired as to the time and place of sale after he received notice from the bank, or that either the bank or the seller prevented him from obtaining information concerning the time and place of sale. In short, appellant-buyer had notice that if he did not redeem, the vehicle would be sold according to the terms of the conditional sale contract; he failed to redeem; he made no inquiry; the vehicle was sold in accordance with the terms of the contract, as the notice said it

would be if not redeemed. It appears that appellant did nothing to protect his own interests from the time he received notice from the holder until this action was filed against him.

The judgment is affirmed.

Gargano, J., and Brown (G. A.), J., concurred.